Robert B. Zelms, Arizona Bar No. 018956
   rbz@manningllp.com
Ian R. King, Arizona Bar No. 034802
   irk@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
3636 North Central Avenue, 11th Floor
Phoenix, Arizona  85012
Telephone:  (602) 313-5469
Fax:  (602) 313-5499

*Attorneys for Defendant Arizona CVS Stores, LLC*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Cordero, a single woman, | Case No. |
| Plaintiff, | (Arizona Superior Court, County of Yuma, Case No. S1400CV202000680) |
| v. | **NOTICE OF REMOVAL** |
| Arizona CVS Stores, LLC, an Arizona limited liability company; John Does I-X; Jane Does I-X; ABC Corporations I-X; and XYZ Partnerships I-X, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF ARIZONA**:

PLEASE TAKE NOTICE that Defendant Arizona CVS Stores, LLC ("Defendant"), by and through undersigned counsel, hereby removes this state court action described below from the Superior Court of the State of Arizona in and for the County of Yuma to this United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b) and 1446, Rule 11 of the Federal Rules of Civil Procedure, and D. Ariz. LRCiv 3.6. Defendant provides the following "short and plain statement of the

grounds of removal" pursuant to 28 U.S.C. § 1446(a).

## I. THE STATE COURT ACTION

1. On December 14, 2020, Plaintiff Terry Cordero ("Plaintiff") filed the Complaint entitled Terry Cordero v. Arizona CVS Stores, LLC, an Arizona limited liability company; John Does I-X; Jane Does I-X; ABC Corporations I-X; and XYZ Partnerships I-X, Case No. S1400CV202000680, in the Superior Court of the State of Arizona in and for the County of Yuma. A true and correct copy of the state court's most recent version of the docket, the Summons and the operative Complaint are attached hereto as **Exhibit A**. The allegations of the operative Complaint are incorporated herein by reference without admitting the truth of the same.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

2. On December 29, 2020, Plaintiff served the Summons and Complaint on Defendant. Pursuant to 28 U.S.C. §1446(a), true and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**. Based on the allegations in the Complaint, discussed below, the pharmacy at issue in Plaintiff's Complaint, identified as "Arizona CVS Stores, LLC," owns a retail pharmacy store located at 2800 South 4th Avenue, Yuma, Arizona 85364. Arizona CVS Stores, LLC is a limited liability company organized under the laws of the State of Arizona whose sole member is CVS RS Arizona, LLC, an Arizona limited liability company whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the operative Complaint pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of Arizona in and for the County of Yuma. Venue, therefore, properly lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court

in Yuma County, Arizona, where the state court action was commenced.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(A)-(B)

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse

7. Diversity between the Plaintiff and Defendant existed at the time the Complaint was filed and continues to exist as of the date of this instant removal.

8. Plaintiff alleges that she sustained injuries while visiting a CVS store located at 2800 South 4th Avenue, Yuma, Arizona 85364 on November 2, 2019. [*See* Complaint, **Exhibit A** at ¶7]. Plaintiff alleges that Defendant Arizona CVS Stores, LLC "owns a retail establishment, located at 2800 South 4th Avenue, City of Yuma, State of Arizona [the "Premises"]. Defendant utilizes the Premises at said location and occupies the same for the purpose of conducting retail sales consumer products." [*Id.* at ¶4]. Plaintiff alleges that she "is now, and at all times relevant hereto, have [sic] been a resident of the State of Washington." [*Id.* at ¶1]. Based on this information, Defendant reasonably believes that at the time Plaintiff filed her Complaint, Plaintiff was and remains a citizen of Washington. *See* 28 U.S.C. § 1446(c)(2)(B).

9. Defendant is now, and was at the time that Plaintiff filed the Complaint, a citizen of a state other than Arizona within the meaning of 28 U.S.C. § 1332(c)(1).

10. Arizona CVS Stores, LLC, is now, and was at the time that Plaintiff filed the Complaint, a limited liability company organized under the laws of and incorporated in the State of Arizona. However, a limited liability company is a citizen of the same state or states as its owners/members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1013 (2016). In this case, the sole member of Arizona CVS Stores, LLC is CVS RS Arizona, LLC, an Arizona limited liability company whose principal place of business and

headquarters are in Rhode Island, and whose sole member is CVS Pharmacy, Inc. Again, CVS Pharmacy, Inc. is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. Therefore, Arizona CVS Stores, LLC is a citizen of the State of Rhode Island, and not a citizen of the State of Arizona, per 28 U.S.C. § 1329(a). *See Id.*

11. As of this date, no other named Defendants have been served in this matter. *See Destino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that consent to remove is not required by defendants not yet served).

12. Further, in determining whether a civil action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), the courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "JOHN DOES I-X; JANE DOES I-X; ABC Corporations I-X; and XYZ Partnerships I-X" named in Plaintiff's Complaint is, therefore, immaterial with respect to removal.

13. Because Plaintiff is, and was at the time she filed the Complaint, a citizen of the State of Washington, and Defendant is, and was at the time Plaintiff filed the Complaint, citizen of Rhode Island, diversity of citizenship exists between the parties, and existed at the time the Complaint was filed.

### B. The Amount In Controversy Exceeds $75,000

14. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court finds, by the preponderance of evidence, that the amount in controversy exceeds $75,000. *See also* 28 U.S.C. § 1332(a).

15. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also, e.g., Erickson v. Liberty Mut. Ins. Co.*, No. CV-14-02663-

PHX-ROS, 2015 WL 13202710 at *1 (D. Ariz. March 4, 2015).

16. To ascertain the amount in controversy, the courts consider claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *See, e.g., Home Buyers Warranty Corp. v. Leighty*, No. CV 07–177–PHX–RCB, 2007 WL 4616687, at *4 (D. Ariz. Dec. 28, 2007). In addition, "the amount in controversy is measured by the value of the object of the litigation[.]" *Bradford v. Ocwen Loan Servicing, LLC*, No. CV10–1038 PHX DGC, 2010 WL 3852037 at *1 (D. Ariz. Sept. 29, 2010) (citation omitted).

17. Plaintiff asserts that this case falls under "Discovery Tier 3." [*See* Complaint, **Exhibit A** at ¶2]. Pursuant to Rule 26.2(c)(3)(C) of the Arizona Rules of Civil Procedure, actions claiming "$300,000 or more in damages" qualify as Tier 3. Whereas, actions claiming damages more than $50,000 and less than $300,000 qualify as Tier 2. *See* Ariz. R. Civ. P. 26.2(c)(3)(B). In addition, Plaintiff seeks damages for "future medical expenses . . . physical and mental pain, suffering and anguish suffered [sic], plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determined at trial." [*Id.* at 8, ¶¶2-3].

18. Based on defense counsel's experience defending cases involving negligence and premises liability for close to 20 years, and Plaintiff's concession that she seeks at least $300,000 in damages in this case (Tier 3), it is facially evident that Plaintiff has placed an amount in excess of $75,000 in controversy, exclusive of interest and costs.

19. It is, thus, facially apparent from the Complaint that Plaintiff's claims exceed $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-

judgment-type evidence relevant to the amount in controversy at the time of removal"). As in *Luckett*, because Plaintiff has alleged non-economic and economic damages relative to her injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000. *See Villamar v. Skywest Airlines Inc.*, No. CV-18-01185-PHX-RM, 2018 WL 6110934, at *2 (D. Ariz. Nov. 21, 2018) (holding that a district court should rely on its judicial experience and common sense in determining whether a claim satisfies the amount-in-controversy requirements) (citation omitted).

20. By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to them under state or federal law. Defendant hereby expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

21. In compliance with D. Ariz. LRCiv. 3.6(a), the Civil Cover Sheet and Supplemental Civil Cover Sheet are included in this filing.

22. The undersigned has served the notice of the removal of this action on Plaintiff by serving Plaintiff's Counsel with this notice of removal and by filing a copy of this notice of removal with the Superior Court in and for Yuma County, Arizona.

WHEREFORE, Defendant respectfully requests that the action pending in the State of Arizona in and for the County of Yuma be removed in its entirety to this Court.

DATED:  January 18, 2021          **MANNING & KASS**
                                  **ELLROD, RAMIREZ, TRESTER LLP**


                                  By:  *s/ Robert B. Zelms*
                                       Robert B. Zelms
                                       Ian R. King
                                       *Attorneys for Defendant Arizona CVS Stores, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2021, I electronically filed the foregoing, using the CM/ECF system, which served the following CM/ECF participants and mailed via U.S. mail, postage pre-paid:

Jeffrey L. Victor, Esq.
Jeffrey L. Victor, P.C.
5425 E. Bell Rd., Ste. 121
Scottsdale, Arizona 85254
victoratty@aol.com
*Attorneys for Plaintiff*

 *s/ Julie Rawlings*

4849-3578-5430.1

7